UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE D. BOLING,

                Plaintiff,

v.                                            CIVIL CASE NO. 4:06-13302
                                               HONORABLE PAUL V. GADOLA

MICHAEL J. BOUCHARD, OFFICER SPIKER,
OAKLAND COUNTY SHERIFF'S DEPARTMENT,
and STATE OF MICHIGAN,

                Defendants.
_____/

**ORDER DISMISSING THE STATE OF MICHIGAN AND
DIRECTING SERVICE ON THE REMAINING DEFENDANTS**

**I.  Introduction**

Plaintiff Claude D. Boling is a state prisoner at the Southern Michigan Correctional Facility in Jackson, Michigan.  He has filed a *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983.  Defendants are Oakland County Sheriff Michael J. Bouchard, Deputy Sheriff Spiker, the Oakland County Sheriff's Department, and the State of Michigan.

This cause of action arose in 2005 at the Oakland County Jail in Pontiac, Michigan where Plaintiff was a pretrial detainee.  The complaint alleges that conditions at the Jail amounted to cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.  More specifically, Plaintiff alleges that he was confined in an overcrowded cell for ten days last year while awaiting trial and he was required to eat and sleep on a cement floor during that time.

**II.  Discussion**

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this

action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1912 (e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490, U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The allegations against the State of Michigan are frivolous and fail to state a claim because Plaintiff is attempting to sue the State under a *respondeat superior* theory of liability. "*Respondeat superior* or vicarious liability will not attach under § 1983." *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694-95 (1978)).

Furthermore, the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01(1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.), *cert. denied*, 543 U.S. 837 (2004), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Thus, the State of Michigan is dismissed from this lawsuit.

Plaintiff has stated an arguable claim against the remaining defendants. Therefore, **IT IS ORDERED** that the United States Marshal serve the appropriate papers in this case on the Oakland County Sheriff's Department, Oakland County Sheriff Michael J. Bouchard, and Officer Spiker of the Oakland County Sheriff's Department without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

**IT IS FURTHER ORDERED** that Plaintiff serve a copy of all future documents on the defendants or on defense counsel if legal counsel represents the defendants. Plaintiff shall attach to all original documents filed with the Clerk of Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

**SO ORDERED.**

Dated:   August 14, 2006               s/Paul V. Gadola
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 14, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                         ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Cladue D. Boling           .

                                       s/Ruth A. Brissaud
                                       Ruth A. Brissaud, Case Manager
                                       (810) 341-7845