UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE BOLING,

       Plaintiff,                     CIVIL ACTION NO. 06-CV-13302

v.                                   DISTRICT JUDGE PAUL V. GADOLA

MICHAEL BOUCHARD,           MAGISTRATE JUDGE DONALD A. SCHEER
OFFICER SPIKER, and
OAKLAND COUNTY SHERIFF
DEPARTMENT

       Defendants.

_____/

### REPORT AND RECOMMENDATION CONCERNING PLAINTIFF'S MOTION FORTEMPORARY RESTRAINING ORDER

      This matter before the Court on Plaintiff's Motion for Temporary Restraining Order filed on September 6, 2006 (Docket #5). For the reasons stated below, I recommend that the motion be denied.

      Plaintiff Claude D. Boling has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint alleges that conditions at the Oakland County Jail where Plaintiff was confined as a pretrial detainee amounted to cruel and unusual punishment under the Constitution. Plaintiff alleges that he was confined in an overcrowded cell for ten days last year while awaiting trial. He also claimed that he was required to eat and sleep on a cement floor during that time. Plaintiff seeks an immediate ex parte restraining order directing jail officials to provide proper eating and sleeping arrangements.

      Both a preliminary injunction and a temporary restraining order require a showing that injunctive relief will prevent the party from experiencing irreparable injury. See Summit County Democratic Central and Executive Committee v. Blackwell, 388 F.3d 547, 550 (6th Cir. 2004); Fed. R. Civ. P. 65(b). Plaintiff is no longer confined at the Oakland County Jail.

He was transferred out of the Oakland County Jail in March 2006, when he was sent to a state correctional facility to serve a 4 to 15 year sentence following a felony conviction. Consequently, his request for injunctive relief is moot. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a prisoner's claim for declaratory and injunctive relief against prison officials was moot because the prisoner was no longer confined in the institution where his rights were violated).  Furthermore, Plaintiff has no standing to contest the treatment provided to past or current inmates at the Jail.

> Precedent dictates that a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners.

Newsome v. Norris, 888 F.2d 371, 381 (6th Cir. 1989).

For all the reasons stated, I recommend that Plaintiff's Motion for Temporary Restraining Order be denied.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                s/Donald A. Scheer  
                DONALD A. SCHEER  
                UNITED STATES MAGISTRATE JUDGE

Dated: October 16, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 16, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 16, 2006.  **Claude Boling.**

                s/Michael E. Lang  
                Deputy Clerk to  
                Magistrate Judge Donald A. Scheer  
                (313) 234-5217