UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE BOLING,

        Plaintiff,                      CIVIL ACTION NO. 06-13302

vs.

                                        DISTRICT JUDGE PAUL V. GADOLA
                                        MAGISTRATE JUDGE DONALD A. SCHEER

MICHAEL J. BOUCHARD,
OAKLAND COUNTY SHERIFF
DEPARTMENT, and
OFFICER SPIKER,

        Defendants
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' Motion for Summary Judgment should be GRANTED as Plaintiff has failed to establish any violations of his federally secured constitutional rights arising out of the conditions of his confinement.

\*  \*  \*

Plaintiff, while incarcerated at the Southern Michigan Correctional Facility[1] (SMI) in Jackson, Michigan, was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on July 21, 2006, against the above named Defendants. Plaintiff alleged that upon his admittance to the Oakland County Jail as a pretrial detainee in March 2005, he was subjected to conditions of confinement that constituted cruel and unusual punishment in violation of Eighth Amendment guarantees. Plaintiff alleges that he was confined in an overcrowded cell for ten days while awaiting trial. He also claims that he was required to eat and sleep on a cement floor during that

---

[1] Plaintiff is still incarcerated at the Southern Michigan Correctional Facility.

time. Claiming violations of his Eighth and Fourteenth Amendment rights, Plaintiff sought monetary damages and injunctive relief.[2]

Defendants filed a Motion for Summary Judgment on December 5, 2006, based upon a failure to exhaust administrative remedies, a failure to state a claim of cruel and unusual punishment and qualified immunity. Plaintiff filed a response on January 12, 2007, essentially reiterating the allegations made in his Complaint.  On February 26, 2007, Plaintiff sought leave to file an Amended Complaint in order to provide the court with more specific instances of the types of "inhumane conditions" he was subjected to while detained at the Oakland County Jail.

DISCUSSION AND ANALYSIS

There is no proper basis alleged in the complaint for a claim against the Oakland County Sheriff Department.  The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978).  Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged treatment.

Moreover, the allegations against Michael Bouchard are frivolous and fail to state a claim because Plaintiff is attempting to sue the Oakland County Sheriff under a *respondeat superior* theory of liability.  "Respondeat superior or vicarious liability will not attach under § 1983." Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

---

[2]Plaintiff was transferred out of the Oakland County Jail in March 2006, when he was sent to a state correctional facility to serve a 4 to 15 year sentence following a felony conviction.  In addition to compensatory damages, Plaintiff sought "other relief as it may appear [he] is entitled." (See p. 13 of Original Complaint). Given his transfer to SMI, any claim for injunctive relief is moot.

CONDITIONS OF PRE-TRIAL DETENTION

Plaintiff's claim is based on the conditions of his pretrial detention. The Eighth Amendment forbids the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. Because the Cruel and Unusual Punishments Clause "is concerned" with punishment by the state "after it has secured a formal adjudication of guilt in accordance with due process of law," Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977), it does not apply to pretrial detainees. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). However, state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause, e.g., Miller v. Calhoun County, 408 F.3d 803, 812 (6th Cir. 2005), which provides similar protection to the Cruel and Unusual Punishments Clause, County of Sacramento v. Lewis, 523 U.S. 833, 849-50 (1998); Bell, 441 U.S. at 545.

An Eighth Amendment conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official's "state of mind [must be] one of 'deliberate indifference to inmate health or safety." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 302-03 (1991).

Plaintiff has failed to allege facts that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an constitutional claim. Plaintiff neither alleged nor presented any evidence that his temporary 10 day placement in an unsanitary cell while at the Oakland County Jail deprived him of basic human needs or caused him to suffer serious harm.[3] An odorous cell without amenities does not constitute

---

[3]According to the uncontested affidavit of Captain Henry Wallace, the officer in charge of housing pre-trial detainees at the OCJ, Plaintiff was confined to an observation cell immediately after his arrest that contained between 9 and 11 inmates for a period of three days (See affidavit of Captain Wallace attached as Exhibit #2 to Defendants' Motion

3

the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. See Knop v. Johnson, 977 F.2d 996, 1012, 1019 (6th Cir. 1992)(citations omitted), *cert*. *denied*, 507 U.S. 973 (1993). Furthermore, Plaintiff did not allege that Defendant Spiker, or any other named jail official, acted wantonly and recklessly while disregarding a substantial risk of harm to his health or safety. Supervisory liability under § 1983 cannot be based on a mere failure to act, but must be based upon active unconstitutional behavior. Combs v. Wilkinson, 315 F.3d. 548, 558 (6th Cir. 2002). Under these circumstances, Plaintiff's complaint failed to state an Eighth or Fourteenth Amendment claim for cruel and unusual punishment.

Plaintiff cannot maintain a claim for damages for any mental or emotional injuries that he has allegedly suffered as a result of his cell placement. See 42 U.S.C. § 1997e(e). Section 1997e(e) prohibits prisoners from bringing a suit for mental or emotional injury without an accompanying physical injury.[4] See id. Plaintiff alleged no significant physical injury, and his claim is insufficient under § 1997e(e) to support a recovery for mental or emotional injury. See Corsetti v. Tessmer, 41 Fed.Appx. 753, 755-56 (6th Cir. June 25,

---

for Summary Judgment). Plaintiff was placed in this cell because he had allegedly told jail officials that he was suffering from an emotional crisis and was a potential suicide. Plaintiff was transferred to a less crowded cell within a week once a counselor had evaluated his mental status and determined that he was not a danger to himself or others. Contrary to Plaintiff's assertion that he was forced to eat food off the concrete floor, Captain Wallace attested that detainees on observation status were regularly served food in plastic trays.

[4]The Prison Litigation Reform Act, which establishes various procedures and prerequisites which must be satisfied before prisoners may bring civil suits in federal court, provides, in part:
> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

**4**

2002) (unpublished order); <u>Robinson v. Corrs. Corp. of Am.</u>, 14 Fed.Appx. 382, 383 (6th Cir. June 20, 2001) (unpublished).

For all of the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment be granted and the instant case dismissed. Plaintiff's Motion for Leave to file an Amended Complaint (Docket #24) was denied in a separate order for lack of any allegation demonstrating a wanton and reckless disregard of a substantial risk of harm to his health or safety. The proposed Amended Complaint also failed to allege mistreatment or misconduct on the part of defendant Spiker.  Given this recommendation, Plaintiff's Motion for Default Judgment (Docket #13), Motion to Dismiss Defendants' Untimely Answer (Docket #15) and Motion to Compel Discovery (Docket #22) should also be denied.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Gadola's acceptance thereof is waived.

```
                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
DATED: March 30, 2007                   UNITED STATES MAGISTRATE JUDGE
```

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 30, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 30, 2007. **Claude Boling.**

```
                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217
```