UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAUDE D. BOLING,

                        Plaintiff,

                                     CIVIL CASE NO. 06-13302

v.

MICHAEL J. BOUCHARD, et al.,         HONORABLE PAUL V. GADOLA
                                                      U.S. DISTRICT COURT
                       Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION

Before the Court are Defendants' motion for summary judgment, the Report and Recommendation of United States Magistrate Judge Donald A. Scheer, and various motions made by Plaintiff. In his Report and Recommendation, the Magistrate Judge recommended that Defendants' motion be granted and that Plaintiff's case be dismissed. Plaintiff filed a set of objections to the Report and Recommendation in a timely manner. For the reasons below, the Court accepts and adopts the Report and Recommendation, grants Defendants' summary judgment motion, and dismisses Plaintiff's case.

    **I.**    **Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which

states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff has filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**II. Analysis**

Plaintiff is an inmate at the Southern Michigan Correctional Facility. On July 21, 2006, proceeding *in forma pauperis*, Plaintiff began a suit under 42 U.S.C. § 1983 against Defendants, alleging that he was subjected to unconstitutional conditions of confinement as a pretrial detainee.

In particular, Plaintiff alleges that he was confined in a overcrowded cell for ten days and that he was required to eat and sleep on a cement floor.

Upon review of Defendants' motion for summary judgment, the Magistrate Judge recommended that Defendants' summary judgment motion be granted because Plaintiff has failed to establish any violations of his constitutional rights. Plaintiff's filed a lengthy set of objections, disagreeing with the entirety of the Magistrate Judge's findings. After a review of the relevant portions of the record, the Court finds that Plaintiff's objections are meritless and that the Magistrate Judge's legal reasoning is sound and conclusions are correct.

Plaintiff has insufficiently alleged the existence of a specific custom or policy of the Oakland County Sheriff Department that violates his constitutional rights. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978). In addition, Plaintiff's theory of *respondeat superior* is not viable. *See City of Canton v. Harris*, 489 U.S. 378 (1989). Furthermore, Plaintiff has failed to sufficiently allege facts that, if true, would rise to the level of serious deprivation and deliberate indifference necessary for a constitutional claim against Officer Spiker or any jail official. Plaintiff has also failed to allege a sufficient physical injury in order to recover damages for mental or emotional injuries under 42 U.S.C. § 1997e(e). In short, after a de novo review of the record, the Court finds that the Magistrate Judge's reasoning and conclusions are correct. Accordingly, summary judgment in favor of Defendants is appropriate under the circumstances.

### III. Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, Defendants' motion for summary judgment, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry #29] to the Report and

3

Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #27] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket entry #19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment [docket entry #13], motion to dismiss Defendant's answer [docket entry #15], motion to compel discovery [docket entry #22], motion to set aside order [docket entry #30], and motion for a pretrial conference [docket entry #32] are **DENIED**.

**IT IS FURTHER ORDERED** that this action, Case No. 06-13302, is **DISMISSED**.

**SO ORDERED.**

Dated:   September 21, 2007             s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 21, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                        William G. Pierson                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Claude Boling              .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845