UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLAUDE BOLING,

            Plaintiff,

                                                    Case Number 06-13302-BC
v.                                                  Honorable Thomas L. Ludington

MICHAEL J. BOUCHARD, *et al.*,

            Defendants.

_____ /

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

On July 21, 2006, Plaintiff Claude Boling, a pro se litigant incarcerated by state authorities,

filed a complaint alleging Defendants violated his constitutional right to be free from cruel and

unusual punishment during his pretrial detainment when Defendants required him to eat and sleep

on the cement floor of an overcrowded jail cell.  Dkt. # 1.  On September 21, 2007, Judge Paul V.

Gadola adopted Magistrate Judge Donald A. Scheer's report and recommendation to grant

Defendants' motion for summary judgment and to deny four motions filed by Plaintiff seeking

various relief.  Dkt. # 33.  Judge Gadola reasoned that Plaintiff failed to establish a violation of his

constitutional rights.  *Id.* at 3.  In addition, judgment was entered in favor of Defendants.  Dkt. # 34.

Plaintiff appealed to the Sixth Circuit, but the Court's decision was affirmed on July 31, 2008.  Dkt.

# 42.  On October 28, 2008, the U.S. Supreme Court denied Plaintiff's petition for a writ of

certiorari.  Dkt. # 44.

On June 10, 2009, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 60(b)(3) and (6) for

relief from the judgment.  Dkt. # 46.  Plaintiff contends that Judge Scheer engaged in an ex parte

communication with Defendants' counsel.  The communication relates to Plaintiff's "motion to

dismiss Defendant's untimely answer and affirmative defenses" ("Plaintiff's motion to dismiss")

filed on October 11, 2006.  Dkt. # 15.  Plaintiff's motion to dismiss asserted that the answer was untimely.  *Id.* at 5-7.

According to an exhibit attached to the instant motion, Defendants' counsel, William G. Pierson, called Judge Scheer's chambers to inquire about the motion.  Dkt. # 46 at 11.  Pierson wrote the following in a letter addressed to Judge Scheer:

> Please allow this to confirm my telephone conversation of [October 11, 2006] with your clerk regarding Plaintiff's [motion].
>
> I was advised that I do not need to file an answer to Plaintiff's [motion] at this time, as it will be taken care of by your Court staff.  I simply want to confirm that advice and request that if you find that an answer is required, that I be advised immediately.

*Id.*  Defendant did not file a response to Plaintiff's motion to dismiss. The letter indicates that Plaintiff received a copy of the letter, which Plaintiff acknowledged receiving on October 11, 2006. *Id.* at 3.

On March 30, 2007, Judge Scheer issued the aforementioned report and recommendation that recommended granting Defendants' motion for summary judgment.  Dkt. # 27.  In light of the conclusion because Plaintiff had not demonstrated a constitutional violation, Judge Scheer also recommended denying Plaintiff's motion to dismiss.  Upon Judge Gadola's adoption of that report, the motion to dismiss was denied.

On June 10, 2009, Plaintiff filed the instant Rule 60 motion, alleging judicial misconduct. A court may provide relief from judgment for " fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" or "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3) and (6).  Rule 60(b), however, "is not a substitute for an appeal and the finality of judgments ought not be disturbed except on very narrow grounds . . . ." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1003 (7th Cir. 1971) (citation omitted);

-2-

*see also In re Ferro Corp. Derivative Litigation*, 511 F.3d 611 (6th Cir. 2008) (recognizing principle that public policy favors the finality of judgments).

Here, Plaintiff suggests that the magistrate judge "had committed fraud . . . by engaging in conduct prejudicial to the plaintiff's fairness in a civil rights proceedings (sic), and this Judge and his staff have been improperly engaging in discussions of the opposing party outside of [Plaintiff's] absence . . . ." Dkt. # 46 at 4.  The record does not support the assertion of fraudulent conduct. First, the letter indicates that Defendants' counsel telephoned chambers to inquire about the appropriate course of action.  While certainly preferable for a member of the bar to rely upon the governing rules of procedure, inquiries from counsel directed to chamber personnel are common. More importantly, Defendants' counsel documented the contact and provided notice to Plaintiff. Indeed, Plaintiff acknowledges that he has been aware of the telephone call since 2006 – shortly after it occurred.

Plaintiff also acknowledges that he must demonstrate that the fraudulent conduct "adversely impacted the fairness of the relevant legal proceeding."  Dkt. # 46 at 4.  He can not do so.  In addition to the fact that he was aware of the communication, Plaintiff had an opportunity to address the denial of his motion to dismiss when objecting to the report and recommendation.  The record does not support the conclusion that the motion to dismiss was denied for an improper reason. Rather, that recommendation was reviewed and adopted by Judge Gadola – a decision that was affirmed by the Sixth Circuit.

Plaintiff has not demonstrated that he is entitled to relief under Rule 60(b).  The Court will deny the motion.

Accordingly, it is **ORDERED** that Petitioner's motion for relief from judgment [Dkt. # 46]

is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 23, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 23, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS